IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ALEXANDER HOVEY,<br><br>  Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Cause No. CV 09-00065-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Before the Court are three motions filed by Alexander Hovey: a motion for leave to proceed in forma pauperis, a motion to file claim in dentinue and for writ of replevin, and a motion for return of confiscated property. Hovey asserts that "in response to a search warrant issued by this Court on 11-10-09, the U.S. District Court Prosecutor seized a Gateway Desktop Computer, serial # 00163662684 and several computer disks." (Document 2, p. 1). Hovey asks the Court to issue a Writ of Replevin in Detinet immediately ordering the U.S. District Court Prosecutor to return the seized property to Hovey or his agent. (Document 2, p. 1). In his motion for return of confiscated property, Hovey alleges he is the rightful owner of the Gateway Computer and that it was taken from him without due

process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

## I. BACKGROUND

On November 10, 2008, the FBI filed an Application and Affidavit for a Search Warrant to search a computer tower and six writable computer disks located at the Missoula Police Department in Missoula, Montana. According to the affidavit, Hovey was arrested on or about September 18, 2008 by his probation officer on a probation violation. Thereafter, Hovey was charged in state court with 18 counts of sexual abuse of children and a probation violation. Based upon a search conducted by the Missoula Police Department, Hovey was suspected of child pornography and a search warrant was issued for the FBI to search the computer tower and six discs. The warrant was issued November 10, 2008. (Cause No. 9:08-mj-00042-M-JCL, Document 1).

According to the return of the warrant the FBI took bit-stream image copies of the two internally installed hard disk drives and bit-stream image copies of two of the six CDs (the other four CDs contained no data). (Cause No. 9:08-mj-00042-M-JCL, Document 2). There is no indication the FBI ever took physical possession of the computer or the CDs.

Hovey has not been indicted in this Court.  The Missoula County Detention Facility website indicates Hovey is being held there on state charges of probation violation, robbery, assault, privacy in communications, and sexual abuse of children.

## II.  ANALYSIS

Hovey's motion should be denied for the simple reason that the property he seeks was not seized by nor is it in the possession of the federal government. According to the affidavit in support of the search warrant application, the property at issue was seized by Hovey's state probation officer and the property was, at the time of the application for the search warrant, in the possession of the Missoula Police Department.  According to the return on the search warrant only copies were made of information on the computer.  As there are no pending charges against Mr. Hovey in this district and no evidence that the property at issue is in the possession of the United States Government, Hovey's motions should be denied.

To the extent Hovey's motions could be deemed requests under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property, those

motions should also be denied.[1]  District courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant.  See *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993), cert. denied, 511 U.S. 1058, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994); *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987).  These motions may be construed as a "civil equitable proceeding."  *Purcell v. United States*, 908 F.2d 434, 437-38 (9th Cir. 1990); see also *In re Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990); *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975).  The Court must exercise "caution and restraint" before assuming jurisdiction over the motion. *Kitty's East*, 905 F.2d at 1370.

The Ninth Circuit in *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993) noted that circuit courts had enumerated certain factors for a district court to consider prior to reaching the merits of a preindictment Rule 41(g) motion, citing favorably to the four factors enumerated in *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975).  *Ramsden*, 2 F.3d at 324-25.  The *Ramsden* court noted that the Fifth

---

[1]Rule 41(g) provides:  A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Circuit in *Richey* listed the following factors for a court to consider in deciding whether to entertain a preindictment Rule 41(g) motion: (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance. *Ramsden*, 2 F.3d at 325 (*citing Richey*, 515 F.2d at 1243-44).

There is no evidence the federal government displayed a callous disregard for Hovey's rights. As discussed above, the FBI agents were not involved in the seizure of Hovey's property. The return of the search warrant indicates only copies of the computer's hard drives and copies of the CDs were taken. The property is presumably still in the custody of Missoula County. There is nothing to indicate the United States even has possession of Plaintiff's property. Under these circumstances, this Court cannot find that the United States acted with "callous disregard" for Hovey's rights.

Second, Hovey has not alleged a compelling individual interest in and need for the property. Plaintiff is incarcerated awaiting trial on state charges. He

presented no information that he could even take possession of the property much less that he has a compelling individual interest in and need for the property. Similarly, Hovey did not allege he would be irreparably harmed if the United States retains copies of the information taken from his computer.

Finally, Hovey has an adequate remedy at law for the redress of his grievance.  Hovey has been charged in state court and the computer and disks were seized by Missoula County authorities.  Therefore, Hovey may challenge the legality of the search and/or the continued detention of the property in his state court criminal proceedings.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1.  Hovey's motion to proceed in forma pauperis (Document 1), motion to file claim in dentinue and for writ of replevin (Document 2), and motion for return of confiscated property (Document 3) should be **DENIED** and this matter should be **DISMISSED**.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  At all times during the pendency of this action, Hovey SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Hovey may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of May, 2009.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge