

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ALEXANDER HOVEY, | ) | CV 09-65-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

Plaintiff Alexander Hovey brings this action under 42 U.S.C. § 1983, alleging his Gateway Computer and six discs were taken from him without due process of law required by the Fifth and Fourteenth Amendments to the United States Constitution. Hovey is proceeding *pro se*.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary

1

screening of the complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or recommend dismissing the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Judge Lynch issued Findings and Recommendation on May 14, 2009. Plaintiff timely objected, thereby preserving his right to *de novo* review of the record. 28 U.S.C. § 636(b)(1).

Hovey objects to Judge Lynch's recommendation to dismiss his motion to file claim in detinue and writ of replevin on the basis that there is evidence showing that the computer and six discs seized by the Missoula Police Department are in the possession of the United States Government. In assessing Hovey's claim of a due process violation for the seizure of his Gateway Computer and six discs, Judge Lynch correctly concluded Hovey had not made a sufficient showing of a violation of Rule 41(g) of the Federal Rules of Criminal Procedure to warrant an order form this Court to return the property. The United States has not indicted Hovey.

In evaluating a pre-indictment Rule 41(g) motion a court must consider whether: (1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the

2

property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance. Ramsden v. United States, 2 F.3d 322, 324-325 (9th Cir. 1993). Even if the computer and discs were in the government's possession, as Hovey alleges, he has not shown that the government displayed a callous disregard for his constitutional rights in the search and seizure of the property. The government was issued a warrant for the search of the Gateway Computer and six discs while it was in the possession of the Missoula Police Department. The warrant indicated that parts of two internal hard drives would be copied along with the six discs.

Plaintiff is currently incarcerated and has not alleged a compelling interest for the immediate need of the property. He has not alleged that he would be irreparably harmed if the United States retains the information copied from the computer and discs or the computer itself. Plaintiff also retains the right to challenge the warrant and the seizure of property in his current state proceedings and any federal proceedings should they arise.

Upon *de novo* review I adopt Judge Lynch's Findings and Recommendation (dkt # 4) in full. Accordingly,

IT IS HEREBY ORDERED that Hovery's motion to proceed in forma

3

pauperis (dkt # 1), motion to file claim in dentinue and writ of replevin (dkt # 2), and motion for the return of confiscated property (dkt # 3) are DENIED;

IT IS FURTHER ORDERED that this matter is DISMISSED WITH PREJUDICE and the Clerk of Court shall enter judgment pursuant to Rule 58 Fed. R. Civ. P. and close the case.

DATED this \_\_11th\_\_ day of June, 2009.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court